UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STERLING JAY SHAW,<br><br>                 Plaintiff,<br><br>       v.<br><br>JAY INSLEE, et al.,<br><br>                 Defendants. | CASE NO. C23-5136JLR<br><br>ORDER |

Before the court is Defendants Governor Jay Inslee and Jennifer Strus's (collectively, "Defendants") motion to stay the deadlines in the court's initial scheduling order.  (Mot. (Dkt. # 13); *see* 3/10/23 Sched. Order (Dkt. # 12).)  Defendants ask the court to stay these deadlines because they have not been properly served with process.  (*Id.* at 2.)  The court finds that good cause exists to stay the deadlines outlined in the court's initial scheduling order in light of Plaintiff Sterling Jay Shaw's failure to serve Defendants with summonses that comply with Federal Rule of Civil Procedure 4(a)(1).  (*See generally id.* (describing Mr. Shaw's failure to comply with Rule 4); 2/24/23 Def.

ORDER - 1

Not. (Dkt. # 5) (informing Mr. Shaw that the proposed summons he filed did not comply with Rule 4(a)(1)); Dkt. (reflecting that the court has not yet issued any summonses in this matter).)

Accordingly, the court GRANTS Defendants' motion to stay the deadlines set forth in the court's initial scheduling order (Dkt. # 13). The Clerk will enter a new initial scheduling order after Mr. Shaw perfects service on Defendants.[1]

Dated this 22nd day of March, 2023.

JAMES L. ROBART
United States District Judge

---

[1] The court refers Mr. Shaw to the notice at docket entry five, which identifies the deficiencies that he must cure before the court will issue summonses in this matter. (*See generally* 2/24/23 Def. Not.) Specifically, Mr. Shaw must leave the signature line blank on any proposed summonses and must submit proposed summonses for each Defendant that include "complete and/or correct party information as required by Federal Rule of Civil Procedure 4(a)(1)." (*Id.* (emphasis omitted).)

ORDER - 2